which were not and could not be prohibited or affected by the ordinance in question, rests upon a different consideration than that of a claim for commissions, which is founded upon the contract prohibited by the ordinance.

In *Murray v. Doud & Co.*, 167 Ill. 368, it was said that conceding a broker could not, without a license, recover his commission, it did not follow that a contract consummated by him would be void, and that such a contract, though negotiated by an unlicensed broker, did not affect the right of action between the principals to it.

Under the authorities above cited, therefore, the plea was no bar to recovery for advances made in transactions on the Board of Trade at appellee's request, express or implied, whether appellant was a licensed broker or not.

For the reasons stated the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

**Mary Sass, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.**

**Gen. No. 17,786. (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 14, 1913.

## Statement of the Case.

Action by Mary Sass against Chicago City Railway Company to recover damages for personal injuries. From a judgment for defendant, plaintiff brings error.

GUERIN, GALLAGHER & BARRETT and E. H. WILLIAMS, for plaintiff in error.

JAMES G. CONDON and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 142*—*what instructions are erroneous.* An instruction stating that a street-car cannot be started without causing some "sudden motion and jerking" is erroneous where a motorman testified that "if you start a car slow it never jerks."

2. CARRIERS, § 412*—*when doctrine of assumed risk does not apply.* An instruction stating that a passenger on a street car "assumes the risk" of injury due to sudden motions or jerks is erroneous as applying the doctrine of assumed risk to the relationship of carrier and passenger and diverting the minds of the jury from the questions of negligence and due care.

3. NEGLIGENCE, § 224*—*when instructions as to contributory negligence are unnecessary.* Where evidence does not tend to show contributory negligence of a person injured by a street car, the giving of numerous instructions on such subject is unwarranted and prejudicial.

4. INSTRUCTIONS, § 14*—*when repetition of phrases is improper.* *Held* that the giving of numerous instructions stating certain hypotheses and concluding with the statement that the jury "should find the defendant not guilty" was prejudicial error, since such instructions were calculated to impress the jury with the thought that the court was against the plaintiff and that they should find for the defendant.